**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HARRIS COUNTY HOSPITAL DISTRICT D/B/A HARRIS HEALTH, | § § § | |
| Plaintiff | § § § | |
| v. | § § | NO. 4:26-cv-3594 |
| WELLPOINT TEXAS, INC. F/K/A AMERIGROUP TEXAS, INC., INTEGRANET HEALTH, INC., and VAN LANG IPA, L.L.C., | § § § § § § | |
| Defendants. | § § | |

**NOTICE OF REMOVAL**

Defendant Wellpoint Texas, Inc. f/k/a Amerigroup Texas, Inc. ("Defendant" or "Wellpoint"), hereby removes *Harris County Hospital District d/b/a Harris Health v. Wellpoint Texas, Inc. f/k/a Amerigroup Texas, Inc., et al.*, Case No. 2026-18575 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, from the 80th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, and states:

**I.      BACKGROUND**

1.      On or about March 19, 2024, Plaintiff Harris County Hospital District d/b/a Harris Health ("Plaintiff") commenced this State Court Action against Wellpoint, IntegraNet Health, Inc. ("IntegraNet"), and Van Lang IPA, L.L.C. ("Van Lang") (collectively, "Defendants") by filing its Original Petition ("Petition") in the 80th Judicial District Court of Harris County Texas, Case No. 2026-18575. *See* Plaintiff's Petition, attached as Ex. B.

2.      On April 3, 2026, Wellpoint accepted service of the Petition. *See* Wellpoint's Declaration Waiving Service, attached as Ex. C.

1

3.      In its Petition, Plaintiff alleges that Wellpoint is a Medicare Advantage Organization ("MAO") which receives fixed payments from the federal government to administer Medicare benefits.  Ex. B, ¶¶ 11, 13. Plaintiff alleges that Wellpoint and its delegates have refused to pay or underpaid for services Plaintiff provided to Wellpoint. *See id.* ¶¶ 13-15.

4.      The Petition alleges causes of action for purported (1) breach of contract; (2) breach of implied contract; (3) promissory estoppel; (4) negligent misrepresentation; and (5) unjust enrichment. *Id.* ¶¶ 24-51.

## II.      FEDERAL OFFICER REMOVAL

5.      This action is removable under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Plaintiff complains of Defendants' actions taken under the direction of the Centers for Medicare and Medicaid Services ("CMS"), which is under the purview of the United States Department of Health and Human Services.

6.      Plaintiff seeks payments from Defendants for health services allegedly provided to enrollees of Medicare Advantage plans, which are administered by Wellpoint, with certain administrative functions delegated by Wellpoint to IntegraNet and Van Lang.

7.      Wellpoint operates health plans pursuant to contracts with CMS. Under those contracts and CMS's direction, Wellpoint operates as an MAO and provides health care benefits to certain Medicare-eligible enrollees, including in Texas. *See* Ex. B, ¶ 11; *see also* 42 U.S.C. §§ 1395w-27(a) (MAO must enter into contracts with CMS in which it agrees to comply with the applicable requirements, standards, terms, and conditions of the Medicare Act).

8.      The federal officer removal statute allows an officer or agency of the United States, and "any person acting under that officer" to remove a state court action to federal court. 28 U.S.C. § 1442(a)(1); *see also Butler v. Coast Elec. Power Ass'n*, 926 F.3d 190, 195 (5th Cir. 2019) (same).

Unlike other removal doctrines, federal officer removal "is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017) (internal quotation marks omitted) (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)). Indeed, "[f]ederal officers may remove cases to federal court that ordinary federal question removal would not reach [and] an officer [may] remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). The Supreme Court has "consistently urged courts to avoid 'a narrow, grudging interpretation of § 1442(a)(1).'" *Id.* (quoting *Willingham v. Morgan*, 395 U.S. at 407). Removal under the federal officer removal statute is to be "liberally construed" in favor of removal. *Colorado v. Symes*, 286 U.S. 510, 517 (1932); *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021) ("[T]he federal officer removal statute is to be 'broadly construed' in favor of a federal forum.") (citations omitted); *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, No. 22-10414, 2023 WL 2573914, at *2 (5th Cir. Mar. 20, 2023) ("[W]e review without a thumb on the remand side of the scale, and we broadly construe the statute in favor of a federal forum." (internal quotations and citations omitted)); *Caris MPI, Inc. v. UnitedHealthcare, Inc.*, 108 F.4th 340, 346 (5th Cir. 2024) (same).

9.     A private corporation, such as Wellpoint, may remove a case under § 1442(a) if it can show that (1) it is a "person," (2) that it acted under a federal officer or agency, (3) that there is a causal nexus between the plaintiff's claims and the acts it performed under the federal officer's direction, and (4) that there is a colorable federal defense. *See McGee v. Arkel Intern., LLC*, 716 F. Supp. 2d 572, 575 (S.D. Tex. 2009); *see also Latiolais,* 951 F.3d at 291. All four elements are met here.

**A.**     **Wellpoint is a person under the federal officer removal statute.**

10.     "The Fifth Circuit has recognized that insurers contracting with CMS to administer Medicare benefits may remove under [28 U.S.C. § 1442(a)(1)]." *Abira Med. Labs., LLC v. Wellpoint Tex., Inc.*, No. 4:24-CV-02055, 2025 WL 2374525, at *3 (S.D. Tex. July 3, 2025), *report and recommendation adopted*, 2025 WL 2374521 (S.D. Tex. Aug. 14, 2025). And courts have explicitly held that MAOs, such as Wellpoint, are "persons" for purposes of federal officer removal. *See, e.g.*, *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, No. 22-10414, 2023 WL 2573914, at *2 (5th Cir. Mar. 20, 2023) ("There is no debate that WellMed is a 'person' within the meaning of the federal officer statute."); *Escarcega v. Verdugo Vista Operating Co.*, LP, No. CV 19-9478-GW-FFMx, 2020 WL 1703181, at *7 (C.D. Cal. Apr. 8, 2020) ("While MAOs and downstream entities may operate with less direct supervision than providers under Medicare Part B, they still help 'fulfill a basic governmental task' by administering Medicare benefits"). Wellpoint is an MAO and is considered a person, satisfying the first condition of federal officer removal.

**B.**     **Wellpoint acted under CMS's direction.**

11.     Plaintiff brought this suit against Wellpoint for actions taken under the direction of a federal agency or federal officers in administering the terms of a federal government contract or federal program under the direct supervision of a federal agency. *See Beaumont Foot Specialists, Inc. v. United Healthcare of Tex., Inc.*, No. 1:15-cv-216, 2015 WL 9257026, at *3 (E.D. Tex. Dec. 14, 2015) (denying a contracted healthcare provider's motion to remand and upholding federal jurisdiction under § 1442 where underlying claims for benefits were for services to members of Medicare Advantage health plans). "The words 'acting under' are broad, and [the Supreme Court] has made clear that the statute must be 'liberally construed.'" *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007) (quoting *Colorado v. Symes*, 286 U.S. 510, 517 (1932)). In that same

vein, the Fifth Circuit recognizes federal officer jurisdiction in instances where private persons and insurance carriers administer the Medicare program on the behalf of the federal government noting that "[t]he federal officer removal statute is not 'narrow' or 'limited[],'" concluding that "the defendants in the instant actions [including Medicare fiscal intermediary Blue Cross/Blue Shield of Texas] were persons acting within the purview of 1442(a)(1) and that the suits were properly removed." *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975).

12.    Here, Wellpoint was acting under a federal officer in performing functions as an MAO, administering health care benefits for Medicare beneficiaries. Without Wellpoint's assistance to the federal government, "CMS would be obligated to administer Medicare benefits through Parts A and B to those individuals who currently elect Part C coverage." *Body & Mind Acupuncture v. Humana Health Plan, Inc.*, No. 1:16CV211, 2017 WL 653270, at *5 (N.D. W. Va. Feb. 16, 2017). To that end, many courts, including the Fifth Circuit, have concluded that MAOs act under CMS's guidance and control in administering Medicare plans. *See, e.g.*, *Caris MPI, Inc. v. UnitedHealthcare, Inc.*, 108 F.4th 340, 348-49 (5th Cir. 2024) ("Given United's role in fulfilling the mandate of the Medicare Act and CMS's broad oversight of that role, this element for federal officer jurisdiction is met."); *Trinity Home Dialysis, Inc.*, No. 22-10414, 2023 WL 2573914, at *4 ("Taken together, these facts illustrate a sufficiently close relationship between CMS and WellMed to satisfy the 'acting under' prong."); *cf. Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 916 (9th Cir. 2022) (finding under analogous circumstances "that Congress must have regarded Medicare Advantage organizations as officers or employees of the United States or the Secretary").

C.      **A causal nexus exists between Plaintiff's claims and the acts Wellpoint performed under CMS's direction.**

13.      A causal nexus exists between Wellpoint's and its delegees' actions, pursuant to CMS's direction, and Plaintiff's claims. "Congress broadened federal officer removal to actions, not just *causally connected*, but alternatively *connected* or *associated*, with acts under color of federal office." *Latiolais*, 951 F.3d at 292 (emphasis in original). The actions must "involve an effort to assist, or to help carry out, the duties to tasks of CMS in a manner much more significant than simply complying with the law." *Yeomans v. Blue Shield of Cal.*, 712 F. Supp. 3d 1336, 1342 (C.D. Cal. 2024) (citations and quotations removed)) (finding "Blue Shield's benefits determinations and quality of care are subject to detailed regulations and administrative review by CMS, showing that their relationship is an unusually close one involving detailed regulation, monitoring, and supervision."). Courts have found that "CMS delegated its authority to pay healthcare services providers, and it did so while exercising some degree of subjection, guidance, or control over the process" whereby MAO organizations *act* under CMS. *Beaumont Foot Specialists, Inc.*, 2015 WL 9257026, at *4.

14.      Here, Wellpoint contracted with CMS to administer Medicare benefits on behalf of the federal government for Medicare enrollees in Medicare Advantage plans for whom Plaintiff has allegedly provided medical services and for which it now seeks payment. Ex. B, ¶ 11. As such, these claims arise directly from Wellpoint's actions in administration of benefits under Medicare Advantage plans, subject to CMS and plan terms. Courts in this Circuit have routinely held that this is sufficient to show acting under a federal agency because "[a]bsent MAOs such as [Defendant], CMS would be obligated to administer Medicare benefits through Parts A and B to those individuals who currently elect Part C coverage." *Body & Mind Acupuncture*, 2017 WL 653270, at *5; *see also Takacs*, 656 F. Supp. 2d at 645 (holding causal nexus exists when party

6

seeking removal under federal officer jurisdiction "demonstrate[s] that the acts for which they are being sued . . . occurred *because of* what they were asked to do by the Government.") (emphasis in original). Where insurance carriers administer the Medicare program on behalf of the federal government, they are "acting within the purview of 1442(a)(1)" such that removal is proper. *Peterson*, 508 F.2d at 58.

### D. Wellpoint has colorable federal defenses to Plaintiff's claims.

15.     Wellpoint has several colorable federal defenses to Plaintiff's Claims, including without limitation: failure to exhaust administrative remedies; complete preemption by the Medicare Act; and federal immunity. At this early stage of the case, Wellpoint need not prove its defenses, but instead only show that its defenses are plausible because "if a defense is plausible, it is colorable." *Latiolais*, 951 F.3d at 297; s*ee also Caris MPI, Inc.*, 108 F.4th at 346 ("[A] colorable federal defense does not require the party asserting federal officer removal jurisdiction to win its case before it can have the case removed." (citation and quotations omitted)); *Butler v. Coast Elec. Power Ass'n*, 926 F.3d 190, 195 (5th Cir. 2019) (same).

16.     First, Plaintiff's claims are subject to dismissal for failing to exhaust the administrative review process under the Medicare Act. The Medicare Act mandates that any disputes regarding coverage determinations must be first exhausted through administrative remedies before seeking judicial review. *See* 42 U.S.C. § 1395w-22(g)(1)(A); 42 C.F.R. §§ 422.560–422.622. An entity may not maintain a suit in federal court to challenge an organization determination until it has followed that process. *See* 42 U.S.C. § 405(g); *Heckler v. Ringer,* 466 U.S. 602, 617-619 (1985) (requiring respondents to adhere "to the administrative procedure which Congress has established for adjudicating their Medicare claims"); *see also Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) (observing that the Medicare Act's mandatory exhaustion requirement "severely restricts the authority of federal courts"). Here,

Plaintiff alleges that Wellpoint denied coverage for certain claims for services rendered to Medicare Advantage enrollees—such coverage determinations are subject to the exhaustion requirement. *See Caris MPI, Inc.*, 108 F.4th at 350 ("There is no question that an MAO's refusal to provide or pay for services that the enrollee believes should be furnished or arranged for by the MAO is an organization determination that is subject to exhaustion." (citation modified)). Thus, Plaintiff's claims arise under the Medicare Act, and only after Plaintiff has timely exhausted the administrative process may it bring a civil action against Wellpoint and its delegees. *See* 42 C.F.R. §§ 422.574, and 422.600.

17. Second, the alleged denials and underpayment for Defendant's Medicare Advantage members are preempted by the Medicare Act. "Medicare Advantage regulations require that 'any provider that does not have in effect a contract establishing payment amounts for services furnished to a beneficiary must accept, as payment in full, the amounts that the provider could collect if the beneficiary were enrolled in original Medicare.'" *Caris MPI, Inc.*, 108 F.4th at 347 (citation modified) (quoting 42 C.F.R. § 422.214(a)(1)). "Based on these provisions, other courts have held that state law quasi-contract claims like those brought by Caris are preempted by the Medicare Act." *Id*. CMS also affirmed express preemption in its regulations implementing the Medicare Advantage program. *See* 42 C.F.R. § 422.402 (titled "Federal Preemption of State Law") ("The standards established under this part [implementing the Medicare Advantage Program] supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to the MA [Medicare Advantage] plans that are offered by MA organizations."). Here, Plaintiff's claims arise from Wellpoint and its delegees' alleged failures to pay claims under Medicare Advantage plans. The Medicare Act regulates MAOs with respect to provision of benefits under Medicare Advantage plans and requires MAOs to comply with CMS's

national coverage determinations and general coverage guidelines included in Medicare manuals, among other things. *See generally* 42 C.F.R. §§ 422.100-422.102. Because Plaintiff's claims are based on Wellpoint's alleged failures to comply with CMS's standards, the claims are preempted.

### III.     TIMELY REMOVAL

18.     This Notice is timely because it is being filed within 30 days of Wellpoint's receipt of the Petition. *See supra* ¶ 2; 28 U.S.C. § 1446(b).

### IV.     PROPER VENUE

19.     Venue in this District is proper because the United States District Court for the Southern District of Texas, Houston Division is the federal judicial district and division corresponding to the place where the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

### V.     CONSENT OF DEFENDANTS

20.     Removal pursuant to federal officer removal does not require the consent of all defendants. *Oldham v. U.S. Small Bus., Admin.*, No. 1:18-CV-73-C, 2018 WL 11251789, at *1 (N.D. Tex. Aug. 6, 2018); *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992) (federal officers may remove without the consent of co-defendants based on the language of § 1442).

### VI.     COMPLIANCE WITH REMOVAL STATUTE

21.     Pursuant to the Sothern District of Texas Local Rule 81, Wellpoint has attached:

Exhibit A: State Court Docket Sheet

Exhibit B: Plaintiff's Petition

Exhibit C: Defendant Wellpoint's Declaration Waiving Service

Exhibit D: Index of Matters Being Filed

Exhibit E: List of All Counsel and Parties

## VII.    CONCLUSION

Wellpoint removes this action from the 80th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, requests that this Court retain jurisdiction for all further proceedings in this matter, and for any further such relief, at law or in equity, that Wellpoint may show itself entitled.

Dated this 4th day of May, 2026.

Respectfully submitted,

CROWELL & MORING LLP

*/s/ Saheli Chakrabarty*
Saheli Chakrabarty
TX State Bar No. 24103778
Federal ID No. 3868379
2001 Ross Avenue, Suite 550
Dallas, TX 75201
Telephone: 1.214.459.2500
Email: schakrabarty@crowell.com

*Of Counsel*

Scott T. Williams
TX State Bar No. 00791937
Federal ID No. 737645
2001 Ross Avenue, Suite 550
Dallas, TX 75201
Telephone: 1.214.459.2500
Email: scwilliams@crowell.com

*Attorney-in-Charge for Defendant Wellpoint Texas,*
*Inc. f/k/a Amerigroup Texas, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, a true and correct copy of the foregoing Notice of

Removal was served on counsel of record listed below via electronic mail:

JACKSON WALKER LLP
Joel R. Glover
State Bar No. 24087593
jglover@jw.com
Shannon M. Wright
State Bar No. 24131783
swright@jw.com
1401 McKinney St., Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (fax)

Stephen Calhoun
State Bar No. 24069457
scalhoun@jw.com
1900 Broadway St., Suite 1200
San Antonio, TX 78215
(210) 978-7713
(210) 242-4667 (fax)

*Attorneys for Plaintiff Harris County Hospital*

*/s/Melissa McKinnon*
Melissa McKinnon

11